# CHARLESTON.

J. L. Poling *v.* A. G. Price *et al.*

(No. 6644)

Submitted May 7, 1930.   Decided May 31, 1930.

*Rummel, Blagg & Stone* and *Maurice J. Crocker*, for appellant.

*Lilly, Lilly & Warwick*, for appellee.

Woods, Judge:

This is a suit by J. L. Poling against himself, as administrator of his wife's estate, and certain of the wife's relatives, who claim to be her lawful heirs.

The bill alleges that plaintiff's wife and only child, a son 6 years of age, were drowned in the Ohio river on the 15th day of May, 1925, due to an automobile accident; that the wife predeceased the son; that at the time of her death the wife was seized and possessed of a house and lot and certain household goods in Cabell county, and the equitable title (the legal title being in A. E. Price, trustee, for Elsie M. Poling), to 26 acres in Kanawha county, which tract has been under lease for oil and gas since 1906 and is at the present time producing oil; that plaintiff was appointed and qualified as administrator of his wife's estate; that 900 barrels of oil have accrued under the one-eighth royalty from said 26 acres since his wife's death; that said oil is rapidly depreciating in value, due to reductions in the market price and the accumulating storage

charges; that the wife died intestate; that plaintiff through his son is entitled to all of his wife's property—and ends with a prayer that the court decree that the estate of which his wife died seized was inherited by his son, as sole heir, and that plaintiff is the owner of said property as sole heir of his son, and that plaintiff, as administrator of his wife's estate, be authorized and empowered to sell the oil derived from the one-eighth royalty aforesaid, as well as all future oil and gas royalties, or that a special receiver be appointed for the purpose, and for general relief.

Malissa M. Jarrett, a relative and party defendant, who claims a portion of the estate through purchase from the deceased wife's maternal grandfather, prosecutes error from a final decree in favor of the plaintiff, entered by the circuit court of Cabell county, on the chancellor's finding from the testimony introduced that the son died after the wife. She takes the position here that the bill fails to set up a cause for equity cognizance, and asks that the decree be reversed and the bill dismissed.

Does the bill set up facts sufficient to warrant the intervention of a court of equity? Plaintiff, to support equity jurisdiction, asserts, first, that, inasmuch as he is entitled to invoke the aid of a court of equity for assignment of curtesy in the real and personal property of which his wife died seized, he has the right to ask the court to pass upon the question of whether or not the son heired the remainder of the property; and, second, that as administrator he has the right to seek advice of the court concerning the distribution of the personal property of his wife's estate.

The principal object of the suit so far as Poling, in his own right, is concerned, is to have the court pass upon and determine whether or not his son died last. He is seeking, by this suit, to set up a separate estate, which, if established, will descend, under the laws of the state, to himself in toto. An action of ejectment is the proper remedy for determining heirship to realty. *Jones* v. *Fox*, 20 W. Va. 370. A finding in favor of plaintiff in such a case, or in an action to recover the oil, would amount to res judicata as to all other properties so far as heirship thereto was concerned. The claim in the in-

stant suit does not hinge in any wise upon plaintiff's right to curtesy in the property of which his wife died seized. In fact the only mention thereof in the bill is a recital to the effect that the heirs admit such right, but deny plaintiff's right to the remainder. Even if properly pleaded, it is merely incidental to the relief sought. In such case, equity will not take jurisdiction. 21 C. J. 140.

We find no merit in the contention that it is a suit for guidance. While there is an allegation in the bill to the effect that a controversy has arisen as between the plaintiff and defendants, other than administrator, whereby such administrator has been unable to sell the 900 barrels of oil, such property in fact belongs to the heirs. 18 R. C. L. p. 1205, § 110; *Warren* v. *Boggs*, 83 W. Va. 89, 96, 97 S. E. 589. No allegation is made that the administrator is in possession of any property to be administered, or even that an accounting has been made. Such are prerequisites to a bill seeking advice of a court of equity. Likewise the bill does not purport to be drawn under section 7, chapter 86, Code, to subject real estate to the payment of debts.

Under any view of the case, the plaintiff has failed to show a cause for which the aid of a court of equity can be invoked. Equity jurisdiction cannot be waived. *Freer* v. *Davis,* 52 W. Va. 1, 43 S. E. 164, 59 L. R. A. 556, 94 Am. St. Rep. 895. Therefore the question of whether or not the demurrer was filed in the lower court becomes immaterial.

The decree is accordingly reversed, and the bill dismissed, but without prejudice to the plaintiff to pursue such course as he may deem proper.

*Reversed; bill dismissed.*