Day, J.
 

 The sole question presented hy the present record is whether or not, under the allegations of the petition, the action is one in chancery or at law. The right to the forfeiture of the life estate is based upon the terms of the will of Martha Seiver Oglesbee, and the trial court by its conclusion found that there was a violation of the terms of the will, entitling the executor to the relief sought.
 

 The executor also claims the benefit of Section 8593, General Code, which reads as follows: “A tenant for life in real property, who commits or suffers waste thereto, shall forfeit that part of the real property of which such waste is committed or suffered, to the person having the immediate estate in reversion or remainder. Such tenant also will be liable in damages to the person having the immediate estate in reversion or remainder for the waste committed or suffered thereto.”
 

 We are of opinion that the executor, averring that he “brings this suit as such executor on behalf of said estate and the persons interested therein,” stands in the stead of the “person having the immediate estate in reversion or remainder,” and therefore the executor may claim the benefit of this section of the Code.
 

 The rule as to whether or not an action is “a chancery case” was announced in
 
 Wagner
 
 v.
 
 Armstrong,
 
 93 Ohio St., 443, at page 450, 113 N. E., 397, 399, where it is said: “Appealable cases, therefore, must be such
 
 *227
 
 cases as are now recognized as equitable in their nature; and perhaps the better way to express it would be, cases that were recognized as equitable actions before the adoption of the code of civil procedure * * This has been frequently followed.
 

 The inquiry, then, is whether or not an action of the nature declared on in the petition was a chancery case before the adoption of the Code.
 

 The theory upon which recovery is sought is that the life estate has terminated by its very terms as set forth in the will, because of the violation of certain conditions by the life tenant; also, that the commission of waste by the life tenant gives the executor a right of forfeiture under Section 8593, General Code. The executor, in effect, seeks a judicial determination of these questions of fact, upon which the legal title to the premises will depend, and a recovery of the specific property in order that he may sell it pursuant to the will.
 

 In the final analysis this is a case involving the determination of a legal title and for the recovery of specific real property. If the case can be said to have any of the characteristics of a suit in chancery, these are merely incidental to the principal relief prayed for.
 

 Attention may be called to the case of
 
 Raymond
 
 v.
 
 Toledo, St. L. & K. C. R. R. Co.,
 
 57 Ohio St., 271, 48 N. E., 1093. We quote from the fourth paragraph of the syllabus, as follows: “A petition against a railroad company by one out of possession of real estate, which alleges title and right to possession of the land in plaintiff, and charges a wrongful entry and possession by defendant, and prays that the defendant may show his interest therein, that it may be adjudged null and void, and that judgment for the possession of the property may be awarded plaintiff, and defendant enjoined from interfering therewith until compensation is made, states a case for the recovery of specific, real property, notwithstanding the petition also con
 
 *228
 
 tains allegations of threatened irreparable damage, as a ground for relief by perpetual injunction, and of a dispute as to boundary lines, as a ground for action by the court in settlement of such dispute, and of a dispute as to title, as a ground for asking that plaintiff’s title be quieted. Such action, being one in which either party may demand a jury, is not appealable.” See, also, 16 Ohio Jurisprudence, 218, Section 94, under “Equity;” 2 Ohio Jurisprudence, 111, Section 76, under “Appeal and Error.”
 

 The statute, Section 8593, providing for forfeiture of the estate of a life tenant committing waste, did not define a pre-existing common-law right, but created a new right in the remainderman to recover possession of the property in the event of waste. The newly created right is legal, not equitable, in character. In an early case in this court,
 
 Crockett
 
 v.
 
 Crockett,
 
 2 Ohio, St., 180, it was held: The general rule is that “an account for waste committed * * * is not in itself a substantive ground of equitable relief, as the remedy at law is adequate.” See, also,
 
 Livingston
 
 v.
 
 Tompkins,
 
 4 Johns. Ch., (N. Y.), 415, 8 Am. Dec., 598;
 
 Smith
 
 v.
 
 Jewett,
 
 40 N. H., 530;
 
 Birmingham
 
 v.
 
 Lesan,
 
 77 Me., 494, 1 A., 151.
 

 We are cited to the case of
 
 Gearhart
 
 v.
 
 Richardson,
 
 109 Ohio St., 418, 142 N. E., 890, and also the case of
 
 Clark
 
 v.
 
 Clark,
 
 110 Ohio St., 644, 144 N. E., 743.
 

 The
 
 Gearhart case
 
 relates to the question of whether or not a will which creates a charitable trust presents a question of chancery character, which justifies an appeal from an order of the trial court in construing the trust. It was there held that such action was appealable, and with that conclusion we are content, charitable trusts being especially subjects of chancery jurisdiction.
 
 Clark
 
 v.
 
 Clark, supra,
 
 denies the right of one defendant, by filing against another defendant a cross-petition which states a chancery case, to convert the whole proceeding into a chancery case where
 
 *229
 
 the plaintiff has declared upon a law action in his petition. Neither of these cases is applicable to the question presented by the present record.
 

 The case of
 
 Jenks
 
 v.
 
 Langdon,
 
 21 Ohio St., 362, was an action to enjoin waste by a life tenant and to recover possession of the property. By its judgment the court enjoined the waste, but did not declare the life estate forfeited, or award possession to the plaintiff. In holding that the defendant had the right of appeal, Welch, O. J., said, at page 369: “I am not aware that by the law of Ohio a life estate, other than dower, is forfeited by the commission of waste thereon by the tenant for life. In the absence of
 
 statutory provision,
 
 contract, or
 
 devise,
 
 I am not aware that such is now the law in any of the States. This question, however, we need not now decide, and do not decide. For, admitting the forfeiture, and that this was a misjoinder of two actions, namely, an action to stay waste and compel an account, and an action to recover real property, it ceased to be two actions at the time of entering the final judgment or decree. In the action to recover the land there was no judgment to appeal from. The case stood at the time judgment was taken, as if that branch of it had been stricken from the petition, or discontinued.”
 

 In so far as that case involved an action to recover land, there was no judgment in the court below; hence, the case of
 
 Jenks
 
 v.
 
 Langdon, supra,
 
 would not seem to be an authority in the present instance. Further, the statute as to forfeiture for waste was not in existence when the
 
 Jenks case
 
 was decided, nor was any will involved therein.
 

 The holding of this court in
 
 Crowley, Admr.,
 
 v.
 
 Crowley,
 
 124 Ohio St., 454, 179 N. E., 360, is called to our attention. That case decides that a proceeding by an executor asking the direction or judgment of the court, as authorized by the statute, respecting an estate which does not involve a trust, is not a chancery
 
 *230
 
 ease and therefore not appealable. While the. case is not especially in point, the language of the opinion, on page 460, may be noted: “It may therefore safely be said that the cases decided by the High Court of Chancery are authority for the proposition that where a will devises and bequeaths estates purely legal in character, and involving no trust relations, it does not present a chancery case.”
 

 The will involved in the present inquiry was before, the court upon a previous occasion.
 
 Oglesbee
 
 v.
 
 Miller, Exr.,
 
 111 Ohio St., 426, 145 N. E., 846, but it is unnecessary to consider the question involved in that case.
 

 Our conclusion is that this action is legal in nature and not equitable, and therefore the Court of Appeals was right in dismissing the appeal, such action not being a chancery case. The judgment of the court below will therefore be affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Allen, Kinkade and Stephenson, JJ., concur.