## DIEBOLD SAFE & LOCK CO v FULTON et

Ohio Appeals, 5th Dist, Stark Co

Decided Oct 10, 1933

Black, McCuskey, Ruff & Souers, Canton, for plaintiff.

John W. Bricker, Attorney General, Columbus, and Herbruch, Shetler, Melchoir & Roach, Canton, for defendants.

## OPINION

By MONTGOMERY, J.

Upon a somewhat similar state of facts, to-wit: **In Re Exchange Bank of Bloomdale, 38 OLR., 221, 44 Oh Ap, 385 (13 Abs 465),** the court held:

"A motion has been filed by the claimant to dismiss the appeal on the ground that the case is not one in chancery, and that therefore this court does not have appellate jurisdiction thereof. The contention of Shoup is that he deposited with the bank for safe-keeping, and to hold for him in trust, $1,500 in Liberty bonds, which the bank received pursuant to §710-110, GC, and he seeks by this proceeding to fasten a trust on the assets of the bank and to require an allowance of the same as a preferred claim. This court is of the opinion that the action is in chancery within the constitutional provision and is therefore appealable."

Counsel for plaintiff, frankly admitting the force of this opinion quoted, take the position that it was not well considered and that that phase of the case was only incidental to the decision of the Court of Appeals of Wood County, and have asked this court to, and this court has, given further consideration to the question, although this holding in the Bloomdale case is, as stated, upon facts much similar to the facts in the case at bar, and the holding of the court in that case seems to us right. In that case it was a deposit for safe-keeping in trust of Liberty bonds. In the instant case it was alleged to be a special deposit of trust funds for a particular purpose.

The question turns upon what is a "chancery" case, and determining whether or not it is appealable to this court.

The clear absence of a right to trial by jury upon such issue is not conclusive or fully determinative. Neither is the fact that the exact situation arises by virtue of a statutory enactment conclusive, or altogether controlling.

In the case of Shoe Co. v Shoe Co., 16 Oh Ap, 387, the first branch of the syllabus is as follows:

"1. The question of the appealability of a case to the Court of Appeals under §6, **Article IV of the Constitution,** does not depend upon whether or not the right and remedy are created by statute, but upon whether the basic principle of the statute is equitable in character and based upon some equitable doctrine."

As said by the Supreme Court in the case of **Wagner v Armstrong, 93 Oh St, 450,** "appealable cases, therefore, must be such cases as are now recognized as equitable in their nature."

As stated in **16 Ohio Jurisprudence, page 37, §13:**

"A statute may create a right, unknown to the pre-existing law, but of such a character that established equitable remedies are appropriate and necessary for its complete and adequate enforcement or protection. Such legislation does not in reality alter the principle of equity; it merely creates a new substantive right upon which

the existing equitable principles automatically operate."

The determination of whether or not a claimant is entitled to preference in funds, such as are represented in this case, could not be had under the hard and fast rules of the common law. Such a situation, if true, as alleged in the petition, should and would appeal to the conscience of a chancellor, should and would be considered by a court of equity. There is weight in the suggestion of counsel for the superintendent of banks that he occupies a position of trust toward all the creditors and stockholders of the bank which he is liquidating and in the petition in this case it is stated and restated that this deposit was made as a trust fund.

It seems to us clear that the case is one in chancery and, therefore, appealable to this court.

The motion to dismiss the appeal will be overruled.

SHERICK, PJ, and LEMERT, J, concur.