Joseph L. Meenan, New Lexington, and Walter. S. Page, Columbus, for plaintiff.

T. M. Potter, New Lexington, for defendant.

## KOCHS, Admr v KOCHS et

Ohio Appeals, 5th Dist, Perry Co

Decided March 15, 1935

OPINION

By MONTGOMERY, J.

The uniform declaratory judgment act, §§12102-1 to 12102-16, GC, does not establish or change any substantive rights. Subsection 12 states: "This act is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations."

Sub-section 7 of this act provides that "all orders, judgments and decrees under this act may be reviewed as other orders, judgments and decrees." In other words, if the cause of action were equitable in its nature, so that an appeal might be perfected from the judgment of the lower court, such an appeal might be had, if the action were brought under this declaratory judgments act. If the cause of action were not equitable in its nature, then error might be prosecuted. This act simply broadens the remedies, but it does not, and could not, change the essential nature of an action itself.

As stated by this court in the case of Diebold Safe and Lock Co. v Fulton, Su-perintendent, 46 Oh Ap, page 129 (15 Abs 406): "The clear absence of a right to trial by jury upon such issue is not conclusive or fully determinative. Neither by virtue of a statutory enactment conclusive, or altogether controlling."

In that decision this court cited, and cites, again, the case of Wagner v Armstrong, 93 Oh St, page 443 wherein the proposition was stated: "Appealable cases, therefore, must be such cases as are now recognized as equitable in their nature." And attention is directed to the case of Harper & Kirschten Shoe Co. v S. & B. Shoe Co.. 16 Oh Ap, page 387, the first paragraph of the syllabus of which is: "The question of the appealability of a case to the Court of Appeals under §6, Article 4 of the Constitution. does not depend upon whether or not the right and remedy are created by statute, but upon whether the basic principle of the statute is equitable in character and based upon some equitable doctrine."

We fail to see how it can be claimed that the issues, raised in the instant case are equitable in their nature. They have to do with the distribution of estates, a matter purely statutory. and with no equitable principle involved. Such a statute has been in existence in Ohio a great many years as Revised Statute 6202 and later as §10857 GC.

Some concern has been given us by the holding of the Supreme Court in the case of Swing et v Townsend et, 24 Oh St, page 1. In this case it was held that an action by executors against devisees, distributees and heirs asking for the construction of a will and the duties of executors thereunder was appealable to the District Court.

The appealability to the Circuit Court was questioned, but not decided—apparently not having been urged—in the case of Silk, Admr. v Merry et, 3 Ohio Circuit Court Reports, New Series, 91.

It seems to us that the different constitutional provisions in effect at the time of the Supreme Court decision in the Swing v Townsend case, and the present time, warrant, and in fact made mandatory, a different conclusion in the instant case.

Article 4, §6 of the Constitution of Ohio, in effect at the time of the Swing decision was: "The District Court shall have like original jurisdiction with the Supreme Court, and such appellate jurisdiction as may be provided by law." The same language was incorporated in the amendment to this article when the Circuit Court was established. However, Article 4, §6 of the Constitution of 1912, by which we are gov-

erned in this case, provides: "The Court of Appeals shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procendo, and appellate jurisdiction in the trial of chancery cases."

This constitutional provision of course is controlling and cannot be added to or subtracted from by any legislative act or judicial decision. If the action is not one in chancery there can be no appeal to this court, regardless of statutory enactments and, holding, as we do, that this action is not one in chancery, it follows that the motion to dismiss the appeal will be, and the same is, sustained. Exceptions may be noted.