## MILLER v CANTON MOTOR COACH, INC

Ohio Appeals, 5th Dist, Stark Co

Decided Sept 28, 1937

F. J. Drukenbrod, Canton, and Amerman & Mills, Canton, for appellee.

Frank T. Bow, Canton, for appellant.

### OPINION

By MONTGOMERY, J.

The appellee, Adam Miller, filed in this court a motion to dismiss the appeal which was attempted on questions of law and

fact. Subsequently thereto, the appellee filed a motion to dismiss any appeal made on questions of law.

The transcript shows that an appeal was duly perfected on questions of law and fact and an appeal bond, as required by the statute, was given. Counsel for the appellee concede that the appeal was properly perfected, but urge that the order from which the appeal was made is not subject to an appeal on questions of law and fact.

The sole question involved in that motion is whether this action was equitable in its nature. The mere creation by statute of a new substantive right, dealing with existing equitable principles would not change the right of the losing party in the lower court to appeal. This court had occasion to discuss this matter in the case of **Diebold Safe & Lock Co. v Fulton, Supt. of Banks, 46 Oh Ap 127 (15 Abs 406), 187 NE 784.**

However, this action is by its very terms predicated upon the provisions of §8623-72 GC. The allegation of the ▮▮▮▮▮ amended petition is that "the defendant company has failed and refused to pay plaintiff the fair value for his stock or the reasonable value thereof, and that plaintiff brings this action in this court for the purpose of having such fair cash value determined." The prayer of the amended petition was for the appointment of appraisers to determine the cash value of this stock, as provided by §8623-72 GC.

There is nowhere any allegation of fraud. There is no claim of any trust. It is not in any sense an action for an accounting or suggested as a substitute for such an action. It is conceivable that a minority stockholder might have a right to appeal to a court for equitable relief. But in this instance, no such appeal was made. Plaintiff below simply dissented and availed himself of the specific statutory remedy provided by this section and complied with the terms and conditions necessary to invoke this remedy. Clearly, a right was invoked in this instance purely statutory and involving no equitable principle. The motion to dismiss the appeal upon questions of law and fact is sustained.

The other motion to dismiss the appeal on questions of law must be overruled. §11564, GC, provides that:

"Whenever an appeal is taken on questions of law and fact and the Court of Appeals determines that the case cannot be heard upon the facts and no bill of exceptions has been filed in the cause, that the Court of Appeals shall fix a time ⁎ ⁎ ⁎ for the preparation and settlement of a bill of exceptions."

This section, §11564 GC, is clearly applicable to the facts in the instant case, because, as heretofore stated, the appeal was properly perfected as an appeal on questions of law and fact. A different situation would arise had no appeal been properly perfected either on law and fact or on law. In our judgment this statute is intended to apply and does apply to a situation where a party perfects an appeal properly and completely, but is honestly mistaken as to the character of the appeal to which he is entitled, and as to which there may be reasonable doubt, and applies to no other situation.

Counsel having intimated to the court that a bill of exceptions is ready for submission to the trial judge, five days will be allowed for the submission and settlement of the same, this cause standing for trial upon its merits upon the appeal on questions of law for Thursday, October 7th, next.

Decree accordingly.

SHERICK and LEMERT, JJ, concur.