The Henry H. Stambaugh Auditorium Assn. et al., Appellees, v. City of Youngstown, Appellant.

(No. 1099—Decided October 19, 1943.)

*Messrs. Manchester, Bennett, Powers & Ullman,* for appellees.

*Mr. John A. Willo,* director of law, *Mr. Homer E. Carlyle* and *Mr. I. Freeman,* for appellant.

Montgomery, P. J. The defendant, the city of Youngstown, perfected an appeal from the Court of Common Pleas of Trumbull county, and the notice of appeal recites that it is on questions of law and fact. However, it filed in this court an assignment of errors, with a prayer for a reversal of the judgment of the Court of Common Pleas, thereby apparently abandoning the appeal on questions of law and fact. Thereafter the appellees filed in this court a motion that this action be retained as an appeal on questions of law only, for the reason that it is not a chancery action. The appellant, apparently reversing again its position, insists in open court that appeal does lie on questions of law and fact, but acquiesced in the proposition that, as appellant, the burden was upon it.

In spite of these conflicting positions taken, we will proceed to treat the appeal as one on questions of law and fact, in accordance with the original notice. We recognize the force and effect of the two authorities cited by the appellees. The case of *Oglesbee* v. *Miller, Exr.,* 125 Ohio St., 223, 181 N. E., 26, was an action to forfeit a life estate on the ground of waste and was held to be legal in character and not appealable. The case of *Kochs, Admx.,* v. *Kochs,* 49 Ohio App., 327, 197 N. E., 255, 19 Abs., 221, an opinion by this court, was to the effect that, although the action is one for a declaratory judgment, the determination of whether a case is appealable to this court depends upon whether the cause of action is equitable in its nature.

In the instant case the whole controversy is based primarily upon the determination of the powers given in the establishment of a charitable trust. Therefore, the case is equitable in its nature, and in our judgment appealable to this court on questions of law and fact.

Henry H. Stambaugh, by item 40 of his will which was admitted to probate on the 17th day of January, 1919, in Mahoning county, Ohio, provided:

, "Item 40: I give, devise and bequeath to The Realty Trust Company, in trust, my farm in Liberty township, Trumbull county, Ohio, just north of the Mahoning county line, and known as the 'North Farm' and extending from Logan avenue to about twelve hundred (1200) feet west of Fifth avenue extended, and about eight hundred (800) feet wide, and containing about eighty (80) acres of land; also my farm in Youngstown township known as the 'Oatesteane Farm,' situated on the Salt Springs road, Youngstown township, Mahoning county, Ohio, and containing about thirty-four (34) acres of land; both of the above designated farms to be transferred and conveyed to the city of Youngstown for a park and play-grounds purposes under such provisions, conditions and restrictions as the above named trustee may direct.''

Thereafter, on February 10, 1920, this named trustee executed and delivered to the city of Youngstown, Ohio, a deed for the real estate mentioned in this item 40 of the will. This deed was accepted and recorded by the city of Youngstown, and contains the following provisions and conditions:

"As a further consideration for this conveyance, said grantee covenants and agrees that it will devote and employ all of said lands herein conveyed for the uses and purposes of public parks and playgrounds only.

"This conveyance is subject to the opening and extension of Fifth avenue, a street in the city of Youngstown, through and across said lands, and as a further consideration for this conveyance said city of Youngstown, grantee, covenants and agrees that said Fifth avenue may and shall be opened and extended through said lands on its present course and of its present width and that it will at its own proper expense pay all the cost of opening said Fifth avenue and that it will improve the same at its sole and proper expense

to the same degree and extent and with the same manner and kind of improvements that said Fifth avenue is improved through and across the parcels of land lying in said city and southerly of the lands hereby conveyed, including those immediately adjoining the same.

"And as a further consideration for this conveyance said grantee covenants and agrees that if possible it will join with the proper officials of Trumbull county, Ohio, and co-operate with them, and pay such portion of the cost and expense thereof as may be agreed upon so that the county line road, so called, between Liberty township and Youngstown city, shall be opened and widened to a width of not less than sixty feet and improved by a macadam, brick or other suitable pavement from Logan avenue on the east to Belmont avenue on the west, of a width of not less than thirty feet; and it is further understood and agreed that all the covenants by said grantee to be performed shall be performed by it within a period of ten (10) years from the date of this deed. This grantee further agreeing that in any event such improvement shall be made within the time limit hereinbefore set forth. This grant is subject to the condition that shall the lands hereby conveyed cease to be used for purposes of public parks and play-grounds, or if, for any reason, said grantee should neglect or refuse to perform all or any of the covenants herein by it to be performed within a period of ten (10) years from date hereof, then said lands shall revert to said grantor, as trustee, its successors and assigns.

"To have and to hold said premises unto said city of Youngstown, Ohio, its successors and assigns, forever for the purposes of public parks and playgrounds only, and subject to the above covenants as fully and completely as said The Realty Trust Company, as trustee under and by virtue of said last will and testa-

ment and of Item 40 thereof might or should grant and convey the same.''

The petition in this action set forth in substance the provisions of item 40 of the will and the conditions in this deed, and alleged the failure and the refusal of the city to comply with the terms and conditions as to the opening and improvement of Fifth avenue, and it prayed for a forfeiture of the title to this real estate under the reversionary clause of this deed.

The answer, admitting generally the allegations of fact in the petition, averred in substance: First, that it was beyond the power of the trustees under the Stambaugh will to lay down and enforce such conditions; second, that it was an attempted encroachment upon the governmental powers of the city of Youngstown; third, that the plaintiffs were estopped to maintain this action; and fourth, that they were guilty of laches and the statutes of limitation of Ohio applied.

The record is voluminous and the briefs are long and exhaustive. As contrasted with the record and the briefs, the issues presented are comparatively simple and the essential facts are not seriously disputed. Much of the record seems to us immaterial, in view of the provisions of this item 40 of the will itself. It is not difficult of construction: It speaks for itself.

"If the language used in the will expresses a definite unambiguous intention, the courts will not look to the surrounding circumstances for the purpose of varying the intention which is thus expressed in the will. Under such circumstances the court will construe the will without reference to such additional facts." 1 Page on Wills (2 Ed.), 1373, Section 810.

This item 40 of the will directs the transfer and conveyance to the city of Youngstown of this real estate for park and play-ground purposes "under such provisions, conditions and restrictions as the above named trustee may direct." Here is explicit and spe-

cific authority for the establishing of conditions by the trustee when a conveyance is made of the real estate. Clearly they were empowered to lay down any reasonable conditions to such a grant, and the conditions expressed in the deed were not, and are not, unreasonable.

As to the listed second defense of alleged encroachment on governmental powers, let it be suggested that there are three separate sections of the General Code of Ohio directly applicable to this proposition:

Section 18, General Code, provides generally for gifts, devises and bequests to public authorities, including a municipal corporation, and recites that "such gifts or devises of real estate may be in fee simple or of any lesser estate, and may be subject to any reasonable reservation."

Section 3615, General Code, which enumerates the general powers of municipalities, lists among them authority to acquire real estate by purchase, gift, devise, etc., and to make rules and regulations necessary to carry out the provisions of any conveyance, deed or will in relation to such gift.

Section 4066, General Code, which provides for the care of property donated for park purposes, specifically directs that when such municipal corporation has become the owner of any such park for park purposes it "shall be managed and administered in accordance with the provisions or conditions of such deed of gift, devise or bequest."

The city of Youngstown was empowered to accept this deed subject to the conditions set forth. It was under no obligation to accept the same. But having accepted it, the obligation is then imposed to perform the conditions which formed the consideration for the conveyance.

The city authorities did not challenge or question these restrictions and conditions imposed in this deed. They consented to them. They have even made par-

tial compliance with them, for they have improved the road known as Gypsy Lane, which is the southern boundary line of the tract in question, immediately adjoining the north line of Mahoning county. They have made a beginning of this improvement and construction of Fifth avenue, because they have paved and curbed it to the extent of thirty feet beyond the north line of what is termed Gypsy Lane.

The plaintiffs have not, so far as we can see from this record, in any way waived their right to this reversion or forfeiture. They have consistently insisted that the city carry out the conditions imposed by the deed.

It is urged as an additional ground for estoppel that a golf course has been constructed at a tremendous expense, and that the plaintiffs acquiesced therein. Of course this is true, but, under the record, the extension and the improvement of this street would not substantially impair the golf course in its usage. At any rate, if the golf course were impaired, or for practical purposes be destroyed, the real estate would still be available for park and playground purposes, which was the use specifically designated in this item 40 of the Stambaugh will.

And for the same reason the plaintiffs were not in our judgment guilty of laches because of their continued insistence upon the compliance with the provisions of the deed.

Certainly they are not barred by the statutes of limitation. Time would begin to run only from the expiration of the ten years from the date of the deed, and even now there has elapsed less than fifteen years.

It seems to us clear, and not subject to serious question, that the plaintiffs are entitled to the relief which they seek, and that this defendant, the city of Youngstown, cannot hold and enjoy this real estate without

complying with the conditions of the grant which formed the consideration for the conveyance to it. The plaintiffs have indicated in brief and oral argument a willingness that any reasonable conditions be imposed to enable the city to avoid the forfeiture to which the plaintiffs claim they are entitled, and to which we hold they are entitled. We recognize, under present wartime conditions, the financial and labor difficulties which confront all cities of Ohio, and presumably all cities throughout the country, and that it might be an unwarranted hardship to require the immediate compliance with this condition imposed in this deed.

It is the judgment of this court that there be a decree of forfeiture and reversion, as prayed for in the petition, but that the same may be avoided by the city of Youngstown on condition that there be complete and final compliance with the conditions of this deed one year from the termination of hostilities between the United States, on the one hand, and Germany and Japan, on the other hand, or with the last of the two to so terminate hostilities.

*Decree accordingly.*

SHERICK and PUTNAM, JJ., concur.