The Greene County Law Library Assn., Appellee, *v.* Curlett, Aud., et al., Appellants.

(No. 489—Decided October 25, 1945.)

*Mr. Marcus Shoup* and *Mr. Robert H. Wead,* for appellee.

*Mr. Morris D. Rice,* for appellants.

Montgomery, J. The action in the Court of Common Pleas was one for a declaratory judgment construing Sections 3056, 3056-3, 3055, 5625-21 and 1181-5 (now 1183-4), General Code. To the trial court there were propounded in the petition 13 questions based upon those several statutes, which questions the court was asked to answer and which it did answer.

The notice of appeal to this court recites that it is on questions of law and fact. Obviously, such an appeal will not lie. The action is one for the construction of certain statutes, not an equitable matter, and the

Uniform Declaratory Judgments Act is remedial and does not establish or change substantive rights. See *Kochs, Admx., v. Kochs,* 49 Ohio App., 327, 197 N. E., 255.

The cause is retained as an appeal on questions of law.

And since no error is predicated upon the construction given to these statutes by the trial court or upon any of his several answers to the questions, it is assumed that counsel are satisfied with the same and it becomes unnecessary for us to discuss them.

Three propositions are presented in the briefs submitted:

(1) The right of the Greene County Library Association to maintain this action.

(2) That there is a defect of parties defendant.

(3) The constitutionality of these involved sections.

Of these propositions in their order:

(1) There is not in the record any evidence of any incorporation of the plaintiff, or of any formal organization of any kind or description, and of course it is the general rule that "an unincorporated association cannot sue or be sued in its own name." 3 Ohio Jurisprudence, 758, Section 8.

However, this organization has been in existence for more than 40 years, recognized as such, with orders made from time to time by the Court of Common Pleas of Greene county in pursuance of the authority vested in it by the statutes of Ohio.

There is a chapter of the General Code entitled "Law Libraries," and this covers Sections 3054 to 3058, inclusive. There is a recognition of such associations, without any definite or specific provision or requirement as to how they shall be organized.

It seems to us that the proposition is answered by the pronouncement in 4 American Jurisprudence, 487, Section 47, wherein it is stated:

"An express statutory provision is not indispensable to an association's capacity to sue or be sued in its association name; such a suit may be maintained by virtue of a necessary implication arising from statutory provisions, as in cases where an unincorporated association is recognized as a legal entity by statutes which do not in terms authorize it to sue or be sued as such. Thus, an unincorporated association authorized by statute to contract in its own name for certain purposes, has a legal capacity to be sued on such contracts in its association name."

We hold, therefore, that the plaintiff had capacity to maintain this action.

(2) The defendants named in the petition were the auditor of Greene county, Ohio, the clerk of the Municipal Court of Xenia, Ohio, and the mayors of the eight named villages of Greene county. It is contended by the appealing mayors that their several municipalities and the officials thereof, the city of Xenia, and Greene county, as such, were necessary parties defendant, on the theory that these political subdivisions are of themselves directly affected by and concerned with the application of these funds to law library associations.

With this contention we cannot agree. These funds never were the funds of the political subdivisions. They come from fines and penalties obtained in pursuance of statutory laws of Ohio which laws direct their application. The clerk of the Municipal Court of Xenia, Ohio, and the mayors of the several villages, who are clerks of their own courts, have a duty imposed upon them to make collection of these fines and penalties and to disburse them as required by statute. In this respect they are collecting and disbursing agents for particular funds, having no connection with the assets of their several political subdivisions.

(3) The trial court in upholding the constitutionality of these questioned sections relied upon the case of the *State, ex rel. Pugh,* v. *Sayre, Auditor,* 90 Ohio St., 215, 107 N. E., 512.

And as stated in our discussion of the second defense, *supra,* these funds never were the property of the political subdivisions, and hence the enforcement of these statutes would not result in the use of the credit of municipalities for some purpose other than municipal purposes.

The judgment may be affirmed.

*Judgment affirmed.*

HORNBECK, P. J., and MILLER, J., concur.

MONTGOMERY, J., of the Fifth Appellate District, sitting by designation in the Second Appellate District.