Zimmerman, J.
The sole question with which this court is now concerned is whether the Court of Appeals should hear and determine this controversy as on appeal on questions of law and fact, as contended by the appellants, or whether that court was correct in determining that the cause should be heard and disposed of as on appeal on questions of law only, without a retrial of the facts.
Concededly, the right of appellants to have the cause heard and determined by the Court of Appeals as on appeal on questions of law and fact is dependent on whether the proceeding is of an equitable nature and constitutes a chancery matter.
*303 Appellants urge that such is the case and that Section 10509-95 et seq., G-eneral Code (Section 2123.01 et seq., Revised Code), which provide for the determination of the persons entitled to a decedent’s property, create a situation analogous to the equitable remedy of interpleader; that an executor or administrator in asking for a determination of heirship is acting merely as a stakeholder or trustee; and that the court in adjudicating the rights of rival claimants acts as a chancellor.
In support of their position appellants rely principally on the cases of Cram v. Green, Admr., 6 Ohio, 429; Wagner v. Armstrong, 93 Ohio St., 443, 113 N. E., 397; Waters v. Corlett, Admx., 123 Ohio St., 632, 176 N. E., 565; and Warner, Supt. of Building & Loan Assns., v. Mutual Building & Investment Co., 128 Ohio St., 37, 190 N. E., 143.
None of the cases cited is factually similar to the instant case and we find none of them particularly helpful in deciding the precise question here presented.
Section 8, Article IV- of the Constitution of Ohio, provides:
“The Probate Court shall have jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, the settlement of the accounts of executors, administrators and guardians, * * * and such other jurisdiction, in any county, or counties, as may be provided by law.”
The Determination of Heirship Act, comprising Sections 10509-95 to 10509-101, inclusive, General Code (Sections 2123.01 to 2123.07, inclusive, Revised Code), represents new legislation which became effective January 1, 1932. Such act provides for a special proceeding ancillary to the administration of an estate and gives permissive authority to an executor or administrator or other interested party to call upon the Probate Court for a determination of what persons *304 are entitled to a decedent’s property. And when an executor or administrator institutes such a proceeding in the Probate Court, that court has exclusive jurisdiction to make the adjudication. Kane v. Kane, 146 Ohio St., 686, 67 N. E. (2d), 783.
The question of what person or class of persons succeeds to the estate of a decedent is one of law governed by the statutes of descent in force at the time of his death, but the basis or grounds upon which a person claims to be heir of another is a question of fact. Ernull v. Whitford, 48 N. C. (3 Jones, Law), 474 (an action in ejectment reviewed on error from the Superior Court).
Procedure in the Probate Court is prescribed by statute, and where the statutes make no provision for a jury trial on questions of fact such questions are for the court alone. And merely because the right of trial by jury is not provided for does not make a chancery case out of one which in reality is not. 2 Ohio Jurisprudence (2d), 693, Section 99.
In most states an appeal may be taken from a judgment determining heirship. Section 10501-56, General Code (Section 2101.42, Revised Code), provides for an appeal from a judgment of the Probate Court to the Court of Appeals or to the Court of Common Pleas, a court of general jurisdiction. The latter part of the section reads:
“For the purpose of prosecuting appeals on questions of law, and of law and fact from the Probate Court, the Probate Court shall hereafter be deemed to be exercising judicial functions inferior only to the Court of Appeals and the Supreme Court. If, for any reason, a record has not been taken at the hearing of any matter before the Probate Court so that a bill of exceptions or a complete record may be prepared as provided by law in Courts of Common Pleas, then an appeal on questions of law and fact may be taken to *305 the Court of Common Pleas by a person against whom it is made, or whom it affects, from any order, decision, or judgment of the Probate Court in the manner provided by law for the prosecution of such appeal from the Court of Common Pleas to the Court of Appeals
In 26 Corpus Juris Secundum, 1135, Descent and Distribution, Section 82, the following statements appear :
“ * * * in some jurisdictions, on appeal to the appellate court after proceedings [to establish heirship] in the court of general jurisdiction on appeal from the probate court, the appellate court will review only the proceedings had in the court of general jurisdiction. [See In re Estate of Paus, 324 Ill. App., 58, 57 N. E. (2d), 212.] * * *
“In some states, on appeal from the probate court to a court of general jurisdiction, the court of general jurisdiction will try the case de novo * * *. Similarly, in some states, proceedings had in the court of general jurisdiction will be reviewed in the same manner as if the proceedings were in equity * * # the weight and sufficiency of the evidence is regarded as a question for the trial court, whose findings thereon ordinarily will be sustained, as variously expressed in different opinions, where supported by any evidence, or where not clearly against the weight of the evidence, or where the evidence is conflicting, or where there has not been legal error in submission of the case to the trial court.” (Emphasis supplied.) See In re Estate of Westerfield, 96 Cal., 113, 30 P., 1104.
In the second paragraph of the syllabus in the case of In re Estate of O’Connor, 114 Neb., 266, 207 N. W., 81, the court held:
“A proceeding begun in the county court, to determine whether petitioners are next of kin and heirs at law of a decedent, does not present a case calling for *306 the exercise of equitable jurisdiction, and does not fall within the provisions of Section 9150, Comp. St. 1922, requiring a trial of the issue of fact de novo in the Supreme Court.”
Now, by express statutory provision in Nebraska, an action for determination of heirship and the right of descent as to real and personal property belonging to a decedent is tried as an equity case in the District Court, and on appeal to the Supreme Court the case is tried de novo on the record presented. In re Estate of Bergren, 154 Neb., 289, 47 N. W. (2d), 582.
In In re Milton’s Estate, involving a claim of heir-ship, 182 Okla., 625, 627, 79 P. (2d), 612, 615, the court said:
“Section 1412, O. S., 1931 [58 Oklahoma Statutes, annotated, Section 735], provides:
“ ‘When the appeal is on questions of fact, or on questions of both law and fact, the trial in the District Court must be de novo, and shall be conducted in the same manner as if the case and proceedings had lawfully originated in that court; and such appellate court has the same power to decide the questions of fact which the county court or judge had, and it may, in its discretion, as in suits in chancery, and with like effect, make an order for the trial by jury of any or all the material questions of fact arising upon the issues between the parties * * *. ’
“It will thus be noted that the trial provided in the District Court is, strictly speaking, neither one at law nor one in equity, but is a statutory proceeding partaking of some of the features of both, but more of the nature of a proceeding in equity than one at law. Where a trial has thus been had and an appeal from the judgment of the District Court is prosecuted here, this court on review will examine the whole record and weigh the evidence in like manner as if the proceeding was an equitable one, but will not disturb the finding *307 and judgment of the District Court unless they are against the clear weight of the evidence.” (Emphasis supplied.)
In Impson v. Kelley, 195 Okla., 666, 163 P. (2d), 984, 985, a proceeding to determine heirship and quiet title to land, the court remarked:
“The trial in the District Court was a statutory proceeding. The judgment rendered is reviewable in the same manner as a decree in an action of equitable cognizance. * * * The judgment or decree of the trial court should not be reversed unless it is clearly against the weight of the evidence.” (Emphasis supplied.)
In Ohio there are no statutory enactments like the ones referred to in Nebraska and Oklahoma. Although this court has never passed directly on the nature of the Determination of Heirship Act, it has generally been held by the courts of this state that, under Ohio jurisprudence, probate and testamentary matters do not constitute chancery cases. See 2 Ohio Jurisprudence (2d), 716, 734, Sections 111, 133; In re Estate of Gurnea, 111 Ohio St., 715, 146 N. E., 308; Squire, Supt. of Banks, v. Bates, 132 Ohio St., 161, 5 N. E. (2d), 690; In re Estate of Stafford, 146 Ohio St., 253, 65 N. E. (2d), 701. Compare 2 Ohio Jurisprudence (2d), 734, Section 133, note 12; to which may be added the case of Jones, Admr., v. Lewis, 70 Ohio App., 17, 44 N. E. (2d), 735. See, also, Ogelsbee v. Miller, Exr., 125 Ohio St., 223, 181 N. E., 26.
In Poling v. Price, 109 W. Va., 274, 153 S. E., 581, the court flatly held in its syllabus: “Heirship to property is ordinarily a question to be determined in a court of law.”
“Proceedings for the administration of the estates of deceased persons, and for their distribution to those who may be entitled thereto, including the determination of the heirs of the decedent, are purely statu *308 tory.” Smith v. Westerfield, 88 Cal., 374, 378, 26 P. 206, 207. And see Bales v. Superior Court of Los Angeles County, 21 Cal. (2d), 17, 129 P. (2d), 685.
We have come to the conclusion that a proceeding instituted in the Probate Court by an executor or administrator to determine heirship as authorized by Section 10509-95 et seq., General Code (Section 2123.01 et seq., Revised Code), is strictly a special statutory proceeding incident to the administration of an estate and is not a chancery matter, and that the Court of Appeals acts properly in refusing to entertain an appeal on questions of law and fact from the judgment of a Probate Court in such a proceeding and in disposing of the appeal as one on questions of law alone.
Consequently, the judgment of the Court of Appeals herein is affirmed and the cause remanded to that court for further proceedings.

Judgment affirmed.

Weygandt, C. J., Hart and Bell, JJ., concur.
Matthias, Stewart and Taet, JJ. dissent.