Allen, J.
 

 The legal question involved in this case is whether the settling of the account of an executor in the probate court, which is appealed to the court of common pleas, is, after judgment thereon in the court of common pleas, in turn appealable to the Court of Appeals under the provision of Section 6, Article IV, of the Constitution of Ohio. The pertinent portion of this provision reads as follows:
 

 ‘ ‘ The Courts of Appeals shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo, and appellate jurisdiction in the trial of chancery cases *
 
 *
 

 This question involves two subquestions: (1) Does the settling of an account of an executor constitute a chancery case? (2) If so, when such settlement is appealed to the. court of common pleas from the probate court, is the judgment of
 
 *719
 
 the court of common pleas again appealable to the Colirt of Appeals?
 

 We shall consider these questions in their order. Throughout the course of this opinion the plaintiff in error will be called the executor.
 

 The executor claims that within the rule laid down in the case of
 
 Wagner
 
 v.
 
 Armstrong,
 
 93 Ohio St., 443, 113 N. E., 397, the matter of an accounting by an executor or administrator does constitute a chancery case. The rule in the
 
 Wagner case
 
 is as follows:
 

 “A
 
 chancery case is one in which, according to the usages and practices in courts of chancery prior to and at the time of the adoption of the Code of Civil Procedure, remedies were awarded in accordance with the principles of equity and not in accordance with rules of law. And the proper definition of the term in our new Constitution cannot be regarded as affected by the provisions of statutes relating to appeals nor by the introduction bodily of equitable remedies into our statutes.”
 

 The executor also urges that the accounting involves a settlement of partnership affairs and an accounting for partnership assets, and claims that by virtue of this fact the proceedings herein constitute a chancery case.
 

 We cannot agree that the fact that the accounting involves a settlement of partnership affairs in a former partnership affects the decision of this question. It is true that the adjustment of partnership accounts between two> living partners is a branch of equity jurisdiction. But when one of the partners dies the partnership is
 
 ipso facto
 
 terminated, in absence' of express agreement to the contrary. The personal
 
 *720
 
 property of the deceased partner passes to ids personal representative, and Ms real property vests in the heirs at law. Since the partnership is dissolved the settlement of the estate of the deceased person is purely a probate and not, except incidentally, a partnership matter and necessarily the settlement of the account of the executor of the deceased person is a probate matter. TMs is so provided by statute, and justified by sound logic. The mere fact that the executor happens to have been one of the partners in a partnership now terminated does not affect the. problem. If the settlement of a probate account does not in and of itself .constitute a chancery cáse the Court of Appeals does not have jurisdiction herein merely because of the. fact that affairs of. a former partnersMp are incidentally involved.
 

 The principal question therefore is whether the matter of an accounting by an executor or administrator was within the jurisdiction of the courts of chancery prior to, and at the adoption of, the Code of Civil Procedure.
 

 Plaintiff in error quotes, various eminent authorities to the effect that in England the trial of disputed accounts of executors and administrators formerly was in the chancery court.. Woerner’s American Law of Administration, vol. 1, Section 140,- Pomeroy, Equity Jurisprudence (4 ed.), vol. I,.Section 346., page 636.
 

 The argument is amplified by the citation of various oases wMeh show that in England courts of chancery early assumed an extensive jurisdiction over ■ the administration of estates of decedents. .
 

 
 *721
 
 The important question before us, however, is whether in Ohio, prior to the adoption of the Code of Civil Procedure, the settlement of an executor’s or administrator’s account was recognized as a chancery case. We think that such was not the fact, and base our opinion upon the following propositions:
 

 First. That the Constitution of the state of Ohio enacted in 1802 separated the probate and testamentary jurisdiction from that in equity.
 

 Second. That the decisions of this court under the Constitution of 1802 held that the settlement of an executor’s account does not constitute a chancery case.
 

 Third. That by the Constitution of 1851 itself, probate courts were created with a separate jurisdiction, and hence the decision in
 
 Wagner
 
 v.
 
 Armstrong, supra,
 
 does not apply.
 

 Taking up these points in order, let.us examine the provisions of the Constitution of 1802, (Article III), with regard to courts. These provisions are as follows:
 

 Section 1: “The judicial power of this state, both as to matters of law and equity, shall be vested in a supreme court, in courts of common pleas for each county, in justices of the peace, and in such other courts as the legislature may, from time to time, establish.”
 

 Section 2: “The supreme court shall consist of three judges, any two of whom shall be a quorum. They shall have original and appellate jurisdiction, both in common law -and chancery, in such cases as shall be directed by law.”
 

 Section 3 constitutes the court of common pleas,
 
 *722
 
 and says that it “shall have common law and chancery jurisdiction in all such cases as shall be directed by law.”
 

 .Section 4: “The judges of the Supreme Court and courts of common pleas, shall have complete criminal jurisdiction in, such cases and in such manner as may be pointed out by law.”
 

 Section 5: “ The court of common pleas in each county shall have jurisdiction of all probate and testamentary matters, granting administration, the appointment of guardians, and such other cases as shall be prescribed by law.”
 

 .These sections distinguished four separate systems of la,w, namely: Law; equity; criminal law; probate and testamentary matters.
 

 The very division of Article III, into Sections 1, 2 and 3, three successive sections relating to common law and chancery jurisdiction, Section 4, relating to criminal jurisdiction, and Section 5, investing the court of common pleas with jurisdiction of probate and testamentary matters, shows that equity at this time and in the intention of the Constitution framers was understood not to include probate and testamentary .matters.
 

 Moreover, this court held decisively under the Constitution of 1802 that the Supreme Court had no power of reviewing probate matters, for the very reason that that Constitution gave the Supreme Court appellate jurisdiction both in common law and chancery and judicial power as to law and equity.
 
 In re Gregory, Admr.,
 
 19 Ohio, 357;
 
 Gilliland
 
 v.
 
 Administrators of Sellers,
 
 2 Ohio St., 223. In the
 
 Gregory case
 
 the question was
 
 *723
 
 squarely raised upon a motion to dismiss a
 
 certiorari,
 
 which had previously been allowed. The motion was based upon the ground that the Supreme Court had not the constitutional power to interfere in matters of testamentary and probate nature. The court held in the syllabus:
 

 “By the Constitution of the state, exclusive jurisdiction in probate and testamentary matters is vested in the courts of common pleas, and the orders of those courts made in the progress of such matters, cannot be reviewed in the Supreme Court upon
 
 certiorari.”
 

 The matter involved in the case was the settlement of accounts between an administrator
 
 de bonis non
 
 and the former administrator of the estate. The court in its opinion, speaking through Chief Justice Hitchcock, cites those sections of the Constitution which give to the Supreme Court appellate jurisdiction in chancery matters, and holds specifically that as the jurisdiction of this court at that time was limited to cases in law and chancery, the Supreme Court could not review probate proceedings. In other words, this court then held that jurisdiction in law and chancery did not include jurisdiction of the kind involved herein.
 

 Also, when the Constitution of 1851 was written, a distinct system of probate courts was created, the jurisdiction of which was defined in Section 8, Article IY, which reads as follows:
 

 “The probate court shall have jurisdiction in probate and testamentary - matters, the appointment of administrators and guardians, the settlement of the accounts of executors, administrators and guardians, and such jurisdiction in
 
 habeas cor■
 
 
 *724
 

 pus,
 
 the issuing of marriage licenses and for the sale of land by executors, administrators, and guardians, and such other jurisdiction, in any county or counties, as may be provided by law.”
 

 This provision in the organic law of the state gave to the probate court separate existence and separate jurisdiction. The question involved herein, therefore, is quite different on the facts from that involved in the case of
 
 Wagner
 
 v.
 
 Armstrong, supra,
 
 which held that a partition action was a chancery case because prior to and at the adoption of the Code of Civil Procedure a partition action was cognizable in courts of chancery. No separate court had been created by the Constitution with jurisdiction over partition suits, and this fact distinguishes the Wagner holding from the instant case. In other words, even though an action was originally cognizable in a court of chancery this court could not lightly hold that the sovereign people could not place such an action within the exclusive jurisdiction of another court, whose system was created and established by the Constitution.
 

 It will be observed finally that this is not a question of appealing to the Court of Appeals a matter which originated in the court of common pleas. This is a question of appealing to the Court of Appeals from a judgment rendered in the court of common pleas, upon exceptions to an account made in the probate court and excepted to in the probate court, and later appealed under the statute to the court of common pleas. Upon appeal in the court of common pleas the matter was heard once
 
 de novo.
 
 Now this proceeding in
 
 *725
 
 the court of common pleas was never cognizable in courts of equity. Equity did not provide for an appeal from settlement of an executor’s account in a probate court to the court of common pleas. The proceeding is purely the creation of statute, and hence, if for no other reason, it is not appealable to the Court of Appeals.
 

 This is not a question of introducing into our statutes a proceeding which was originally chancery, such as arose in the
 
 Wagner case.
 
 We have here special jurisdiction conferred upon a special court with a purely statutory appeal provided to the court of common pleas. To hold that the matter herein involved is a chancery case in our opinion violates the (distinction made between chancery and probate matters in the Cbnstitution of 1802, runs counter to the decisions of this court-under that Constitution, ignores the fact that in the Constitution of 1851 the probate court was created as a separate and distinct tribunal with exclusive jurisdiction over testamentary matters, -and lightly passes by -the circumstance that the appeal in the court of common pleas is purely statutory.
 

 For the foregoing reasons judgment will be affirmed.
 

 Judgment affirmed.
 

 Marshall, O. J., Jones, Matthias, Day, and Conn, JJ., concur.