SIGAFOOS ET AL., ADMRS., *v.* MARKER ET AL.

(Decided June 3, 1927.)

Mr. John S. Hankins, for plaintiffs.
Mr. J. A. Kerr and Mr. E. H. Kerr, for defendants.

BY THE COURT. This case is submitted on a motion to dismiss the appeal. The case originated in the probate court in a proceeding to sell real estate to pay debts of the decedent, Village S. Marker. The plaintiffs are the administrators de bonis non of

the estate of Village S. Marker. The defendants are Daisy V. Marker, the widow, Lester B. Marker and George M. Marker, heirs of the decedent, and numerous other parties who held liens and claims against said real estate, made parties defendant in the probate court.

The probate court, upon final hearing, ordered a sale of the real estate in controversy, and an appeal was taken to the court of common pleas by the widow and heirs of Village S. Marker. The court of common pleas appointed a guardian ad litem for the minor heirs, and permitted an amended answer by the guardian in fact of said minor heirs. Upon hearing, the common pleas court also found in favor of the administrators. The claim of the minor heirs is elaborately set forth in the answer filed in the court of common pleas, but, when reduced to a final analysis, it simply amounts to the claim that the debts for which the administrators de bonis non were seeking to sell the real estate were not in fact debts of the estate of Village S. Marker. The answer of said heirs is styled a cross-petition, and the prayer of the cross-petition is that the title of said heirs to the real estate described in the petition should be quieted in said heirs as against the petition of the administrators de bonis non. We think this prayer is surplusage, as, if the petition of the administrators de bonis non is defeated, it would leave the title to the real estate in said heirs. We are therefore of opinion that the amended answer filed in the court of common pleas did not change the issues, nor add in any manner to the defense of the heirs against the claim of the administrators de bonis non to sell the real estate. The trial, there-

fore, in the court of common pleas was nothing more than a trial upon appeal.

The question, therefore, is simply a question as to whether an appeal to the court of common pleas, in a proceeding to sell real estate in the probate court, is a chancery case, and therefore appealable from the common pleas court to the Court of Appeals.

We are of the opinion that the case of *In re Estate of Gurnea,* 111 Ohio St., 715, 146 N. E., 308, applies. By virtue of that authority, the appeal case in the court of common pleas is not a chancery case, but is a statutory proceeding, and therefore not appealable from the court of common pleas to the Court of Appeals.

In our judgment, therefore, the motion to dismiss the appeal should be sustained and the appeal dismissed.

*Motion to dismiss sustained.*

FERNEDING, KUNKLE and ALLREAD, JJ., concur.