Zimmerman, J.
 

 Consideration of the instant case permits the determination of two questions: (1) Does the settlement of the account of a testamentary trustee come within the category of “chancery cases,” directly appealable as such from a Probate Court to a Court of Appeals? (2) Is Section 10501-62, General Code, a constitutional enactment?
 

 1. Section 6, Article IV, of the Constitution of Ohio, provides: “The courts of appeals shall have * * * appellate jurisdiction in the trial of chancery cases ft ft ft
 

 It is firmly established in this state that the appellate jurisdiction thus conferred can neither be enlarged, curtailed, nor limited, but that the General As
 
 *164
 
 sembly may provide the method of exercising snch appellate jurisdiction.
 
 Commonwealth Oil Co.
 
 v.
 
 Turk,
 
 118 Ohio St., 273, 275, 160 N. E., 856, 857.
 

 Admitting the validity of a statute which would authorize the appeal of a chancery case direct from a Probate Court to a Court of Appeals, do we have such a case before us?
 

 So far as Ohio is concerned, “A chancery case is one in which, according to the usages and practices in courts of chancery prior to and at the time of the adoption of the Code of Civil Procedure, remedies were awarded in accordance with the principles of equity and not in accordance with the rules of law.”
 
 Wagner
 
 v.
 
 Armstrong,
 
 93 Ohio St., 443, 456, 113 N. E., 397, 400.
 

 The precise matter of inquiry is, then, whether in Ohio prior to the adoption of the Code of Civil Procedure in 1853, the settlement of the account of a testamentary trustee was cognizable as a chancery case.
 

 Article III of the Constitution of Ohio of 1802 is devoted to the judiciary.
 

 Section 1 vests “The judicial power of this state, both as to matters of law and equity, * * * in a supreme court; in courts- of common pleas for each county, in justices of the peace, and in such other courts as the legislature may, from time to time, establish.”
 

 Section 2 is concerned with the Supreme Court of three judges. “They shall have original and appellate jurisdiction, both in common law and chancery, in such cases as shall be directed by law.”
 

 Section 3 relates to the Courts of Common Pleas, whi
 
 ch
 
 shall have common law and chancery jurisdiction in all such cases as shall be directed by law.”
 

 Section 4 recites: “The judges of the supreme court and courts of common pleas, shall have complete criminal jurisdiction in such cases and in such manner, as may be pointed out by law.”
 

 
 *165
 
 Section. 5 reads: “The court of common pleas in each county, shall have jurisdiction of all probate and testamentary matters, granting administration, the appointment of guardians, and such other cases as shall be prescribed by law.”
 

 By the divisions made in these sections it will be observed that equity and probate and testamentary matters were definitely separated.
 

 This is emphasized in the early case of
 
 In the Matter of Gregory’s Administrator,
 
 19 Ohio, 357, where it was held that jurisdiction in probate and testamentary matters is exclusively in the Court of Common Pleas, and in the exercise of that jurisdiction it cannot be interfered with by the Supreme Court.
 

 The Constitution of 1851 created a distinct system of Probate Courts. Section 8, Article IV thereof, expressly gives the Probate Courts “jurisdiction in probate and testamentary matters.”
 

 Under this broad language it was held in
 
 Fidelity & Deposit Co.
 
 v.
 
 Wolfe et al., Trustees,
 
 100 Ohio St., 332, 126 N. E., 414, that the administration of a trust fund, by testamentary trustees created by will, is clearly within the jurisdiction of the Probate Court.
 

 It would hardly seem debatable, therefore, that the settlement of the account of a testamentary trustee by a Probate Court is purely a probate and testamentary matter, never regarded in this state as a chancery case.
 

 If any further argument were needed to sustain this conclusion, we think it may be found in the reasoning and deductions of
 
 In re Estate of Gurnea,
 
 111 Ohio St., 715, 146 N. E., 308, to which reference has been made in constructing this part of our opinion.
 

 ' 2. Section 10501-56, General Code, effective January 1, 1932, was embodied in the new Probate Code as originally enacted, and reads, in part, as follows:
 

 “Appeal may be taken to the common pleas court,
 
 *166
 
 by a person against whom it is made, or whom it affects, from any order, decision or judgment of the probate court in settling the accounts of an executor, administrator, guardian and trustee *
 
 *
 
 *. The cause so appealed shall be tried, heard and decided in the court of common pleas in the same manner as though the court of common pleas had original jurisdiction thereof.” (114 Ohio Laws, 320, 336.)
 

 The constitutionality of this measure cannot be successfully challenged. It is indisputably a law of a general nature, having a uniform operation throughout the state in conformity with Section 26, Article II, of the Constitution of Ohio. And Section 4, Article IY, of the Ohio Constitution, explicitly recites:
 
 ‘ ‘
 
 The jurisdiction of the courts of common pleas, and of the Judges thereof, shall be fixed by law.”
 

 On April 4,1935, the General Assembly passed what is commonly known as the new Appellate Procedure Act, to become effective on January 1, 1936. Section 12223-3, General Code, a part of that legislation, provides:
 

 “Every final order, judgment or decree of a court and, when provided by law, the final order of any administrative officer, tribunal, or commission may be reviewed as hereinafter provided, unless otherwise provided by law, except that appeals from judgments of probate courts and of justices of the peace upon questions of law and fact shall be taken in the manner now provided for in General Code sections 10501-56 to 10501-61, inclusive, and sections 10382 to 10398, inclusive, respectively.” (116 Ohio Laws, 104, 105.)
 

 Then on May 14, 1935, the General Assembly, in amending statutes relating to probate practice and procedure, passed the section with which we are particularly concerned, effective September 2, 1935. It was given the designation of Section 10501-62, General Code, and reads:
 

 
 *167
 
 “If a judge of a probate court who has the qualifications provided by law for judges of the court of common pleas, provides for the taking of a complete record at any hearing upon any matter before such probate court so that a bill of exceptions,- or a complete record, may be prepared as provided by law in courts of • common pleas, there shall be no. appeal to 'the court of common pleas, in any such case; but an appeal may be prosecuted to the court of appeals in all matters within its jurisdiction in the manner provided by law for the prosecution of other appeals to said court.” (116 Ohio Laws, 385, 404.)
 

 Such latter statute having been enacted subsequent to the Appellate Procedure Act, we may assume that the term “appeal” as therein used was intended to be inclusive of the definitions given in Section 12223-1, General Code.
 

 To reach the main objective, we pass any possible effect the omission of Section 10501-62, General Code, from Section 12223-3, General Code, might have.
 

 Obviously, as a later enactment, Section 10501-62, when applicable must be read as an exception to Section 10501-56.
 

 The validity of the former section is questioned on the principal ground that it conflicts with Section 26, Article II, Constitution of Ohio, the pertinent portion of which provides: “All laws, of a general nature, shall have a uniform operation throughout the state. ’ ’
 

 Undoubtedly, Section 10501-62 is a law of “a general nature.” Does it have “a uniform operation throughout the state”?
 

 'Section 1532, General Code, has been in effect substantially in its present form for a good many years and says: “There shall be a court of common pleas in each county of the state held by one or more judges, each of whom shall have been admitted to practice as an attorney and counsellor at law in this state for a
 
 *168
 
 period of at least six years immediately preceding Ms appointment or commencement of his term * * ”
 

 Section 10501-1, General Code, became operative September 4, 1935, and reads:
 

 “Quadrennially, in each county haying a separate probate court, one probate judge shall be elected who shall have been admitted to practice as attorney and counsellor at law in this state, or who shall have previously served as probate judge immediately prior to his election.”
 

 The modern view is that an appellate court may take judicial notice of the identity and status of those acting as judges of lower tribunals in the same state. 15 Ruling Case Law, 1106, Section 37;
 
 Wilson
 
 v.
 
 Giddings,
 
 28 Ohio St., 554, 561;
 
 Stover
 
 v.
 
 Hill,
 
 208 Ala., 575, 94 So., 826;
 
 Kurts
 
 v.
 
 Cutler,
 
 178 Cal., 178, 172 P., 590;
 
 Viertel
 
 v.
 
 Viertel, 212
 
 Mo., 562, 111 S. W., 579. Compare,
 
 State, ex rel. Myers,
 
 v.
 
 Blake, 121
 
 Ohio St., 511, 516, 169 N. E., 599;
 
 Collins
 
 v.
 
 Loisel,
 
 259 U. S., 309, 42 S. Ct., 469, 66 L. Ed., 956.
 

 And the Supreme Court of Ohio, having exclusive control over admissions to the bar of the state, with custody of the records pertaining thereto, can certainly take judicial notice of what persons have been admitted to practice as attorneys and counsellors at law and the dates of their admission. Section 1698, General Code;
 
 Pullen
 
 v.
 
 City of Butte,
 
 45 Mont., 46, 121 P., 878.
 

 Applying these rules, we note that in some counties of Ohio there are judges of separate Probate Courts who possess the qualifications required of judges of Courts of Common Pleas as to the length of time they have been admitted to the practice of law; we note that in other counties there are judges of separate Probate Courts who have been admitted to the practice of law, but who do not possess the six-year qualification required of judges of the Courts of Common
 
 *169
 

 Pleas;
 
 we further note that in still other counties there are judges of separate Probate Courts who have not been admitted to the practice of law.
 

 Sections 10501-56 and 10501-62, General Code, have a definite relationship. When the conditions prescribed in the latter are absent, the former asserts itself. ^
 

 Generally speaking, a law of “uniform operation” is one which is equal and regular in effect on all persons or things on which it is designed to operate at all.
 

 In Section 10501-62 we have an enactment which affects the separate Probate Courts of Ohio and makes appeal therefrom primarily dependent upon the prescribed qualification of the particular probate judge in the particular county at a particular time. Its operative effect, which after' all is controlling, is that, on matters of identical character, an appeal to the Court of Common Pleas is the only authorized procedure in some counties, while in others an appeal directly to the Court of Appeals is necessary, thus ignoring the Court of Common Pleas altogether and denying it jurisdiction. This situation involves the appellate jurisdiction of two constitutional courts which are present in every county of the state, and makes of Section 10501-62 a law of “a general nature.” Its lack of “uniform operation” is demonstrated by the results of its application. A condition is created whereby appeal from the separate Probate Courts of counties A, B and C is to the Court of Common Pleas, while appeal on the same general matters from the separate Probate Courts of counties' X, Y and Z is to the Court of Appeals.
 

 Although the problem is not entirely free from difficulty, the court, while recognizing the commendable purpose of Section 10501-62, General Code, is of the opinion that it is unconstitutional and void, being particularly violative of Section 26, Article II, of the Constitution of Ohio.
 

 
 *170
 
 There are several decisions of this court which might be cited in support of the conclusion reached. We consider
 
 Kelley
 
 v.
 
 State,
 
 6 Ohio St., 269, and
 
 Wallace
 
 v.
 
 Letter,
 
 76 Ohio St., 185, 81 N. E., 187, most nearly in point.
 

 The Court of Appeals was right in dismissing the appeal and its judgment is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Stephenson, Williams, Jones, Matthias and Day, JJ., concur.