IN MATTER OF GUARDIANSHIP OF HABANT: WEST, GDN., APPELLANT, *v.* LEVIN ET AL., APPELLEES.

(Decided November 6, 1939.)

*Mr. Hubbard C. Wilcox,* for appellant.
*Messrs. Levin & Levin,* for appellees.

DOYLE, J.   There is presented to this court a motion to dismiss an appeal on questions of law and fact from the Probate Court of Lorain county.  The following reasons are assigned:

"1. That this cause is now pending on appeal on questions of law and fact from the Probate Court of Lorain county to the Common Pleas Court of Lorain county, between the same persons and involving the same questions as are involved in this appeal and from the same cause of action * * *.

"2. That this court lacks jurisdiction; the subject-matter of this appeal is not chancery, and therefore the appeal on questions of law and fact from the Probate Court to this court may not be maintained."

The record discloses that on March 18, 1939, an application was made in the Probate Court of Lorain county for attorney fees for services rendered one John Habant, an incompetent person under guardianship by order of the Probate Court; that on August 23, 1939, a judgment entry was filed which awarded the amount of $2,672 to the firm of Levin and Levin "for professional services rendered," and the guardian was ordered to pay that sum to the firm of attorneys; that on August 23, 1939, an appeal bond was fixed by the Probate Court; that on September 6, 1939, a notice of appeal to the Court of Common Pleas of Lorain county was filed, and a transcript of the docket and journal entries was ordered; that on September 8, 1939, a notice of appeal on questions of law and fact to the Court of Appeals was filed, and a transcript of the docket and journal entries was likewise ordered; and that the Probate Court ordered by journal entry that each appeal "be * * * allowed without bond."

From the foregoing recital of pertinent parts of the record, we are confronted with an appeal on questions of law and fact from the Probate Court to the Court of Common Pleas. That appeal is now pending. We further encounter an appeal on questions of law and fact from the same judgment of the Probate Court to the Court of Appeals, which was filed two days subsequent to the filing of the appeal to the Court of

Common Pleas. To the latter appeal the motion of dismissal is directed.

The proceeding in the Probate Court was for counsel fees out of the ward's estate. Not being an action in chancery, it could not under any circumstances be appealable on law and fact to the Court of Appeals. Section 6, Article IV, Constitution of Ohio. See also Section 8, Article IV, Constitution; Section 10501-53, General Code; *In re Gurnea,* 111 Ohio St., 715, 146 N. E., 308; *In Matter .of Jacobs,* 60 Ohio App., 551, 22 N. E. (2d), 229.

Deciding, as we do, this point, the question remains: Should the appeal be permitted to stand for determination on questions of law under the provisions of Section 12223-22 (2), General Code? *Loos v. W. & L. E. Ry. Co.,* 134 Ohio St., 321, 16 N. E. (2d), 467.

In March, 1939, Section 10501-56, General Code (procedure in Probate Court), was amended (118 Ohio Laws, —, effective June 26, 1939), to read as follows:

"An appeal on a question of law and fact may be taken to the Court of Appeals in all cases in which the Court of Appeals has appellate jurisdiction, by a person against whom it is made, or whom it affects, from any order, decision or judgment of the Probate Court in the manner provided by law for the prosecution of such appeals from the Court of Common Pleas to the Court of Appeals. The cause so appealed shall be tried, heard and decided in the Court of Appeals in the same manner as such appeals from the Court of Common Pleas are tried, heard and decided in the Court of Appeals.

"From any final order, judgment or decree of the Probate Court, an appeal on a question of law may be prosecuted to the Court of Appeals in the manner provided by law for the prosecution of such appeals from the Court of Common Pleas to the Court of Appeals. For the purpose of prosecuting appeals on questions of law, and of law and fact from the Probate Court,

the Probate Court shall hereafter be deemed to be exercising judicial functions inferior only to the Court of Appeals and the Supreme Court. If, for any reason, a record has not been taken at the hearing of any matter before the Probate Court so that a bill of exceptions or a complete record may be prepared as provided by law in Courts of Common Pleas, then an appeal on questions of law and fact may be taken to the Court of Common Pleas by a person against whom it is made, or whom it affects, from any order, decision, or judgment of the Probate Court in the manner provided by law for the prosecution of such appeal from the Court of Common Pleas to the Court of Appeals. The Court of Common Pleas shall advance said matter for hearing.''

There is no question raised in this case as to the right of the Legislature, under the Constitution, to determine the jurisdiction of the Probate Court and of the Common Pleas Court.

The first part of Section 10501-56, General Code, provides for appeals for trial *de novo* in the Court of Appeals in all actions which were recognized in Ohio as actions in chancery prior to the enactment of the Code of Civil Procedure in 1853. The second part of the section provides for appeal on questions of law only, for a determination of the assignments of error, in the Court of Appeals.

The third part of the section, which provides that the Probate Court shall be deemed ''to be exercising judicial functions inferior only to the Court of Appeals and the Supreme Court'' when prosecuting appeals on questions of law or law and fact from the Probate Court, excludes appeals on questions of law or law and fact to the Court of Common Pleas in all cases except those cases in which a record has not been taken in Probate Court, ''so that a bill of exceptions or a complete record'' may be prepared. And, as we construe the statute, in the event that such record can-

not be made, then and in that event only can appeal be taken to the Court of Common Pleas, and then only for a trial *de novo.*

In the instant case, if a record as contemplated in Section 10501-56, General Code, has been made in the Probate Court, the appeal on questions of law and fact to the Court of Common Pleas for a trial *de novo* is not properly taken, and appeal can only be taken to the Court of Appeals, and such appeal must be heard on questions of law, because the action in the Probate Court was not one in chancery, as that term has been construed in reference to appeals. If, however, a proper record has *not* been made in the Probate Court, the appellant has two alternatives: either to appeal for a trial *de novo* in the Court of Common Pleas, or to appeal on questions of law to the Court of Appeals for a determination of whatever error may be ascertainable from the record as made.

In order that this court might properly pass upon the motion, counsel for the respective parties have agreed that the appeal filed to the Court of Common Pleas was on questions of law and fact, and that a record was *not* taken in Probate Court which was sufficient for a "bill of exceptions or a complete record" to be prepared.

Under these circumstances, the appeal to the Court of Common Pleas for a trial *de novo* was proper, and in passing upon the motion to dismiss in the Court of Appeals it is our construction of the law, as revealed by the adjudicated cases and the statutes, that when a litigant, against whom a judgment is rendered in the Probate Court, perfects an appeal upon questions of law and fact in the Court of Common Pleas before beginning any proceedings in the Court of Appeals, and it further appears that, under the circumstances existing, the appeal was properly taken upon questions of law and fact to the Court of Common Pleas, such litigant thereby accomplishes a suspension of the

judgment of the Probate Court (*Union Trust Co.* v. *Lessovitz,* 122 Ohio St., 406, 171 N. E., 849) and selects his forum and his remedy; and thereafter he cannot, while such proceedings in the Common Pleas Court are pending, invoke the jurisdiction of the Court of Appeals to determine the correctness of the judgment of the Probate Court, which, by his act, has been suspended, and which, by judgment of the Court of Common Pleas, may be superseded.

*Appeal dismissed.*

WASHBURN, P. J., and STEVENS, J., concur.