IN RE GUARDIANSHIP OF MOYER, A MINOR.

(No 3784—Decided March 31, 1941.)

*Messrs. Fraser, Effler, Shumaker & Winn,* for guardian.

*Messrs. Smith, Klein & Klivans, Mr. John B. McMahon, Messrs. Marshall, Melhorn, Davies, Wall & Bloch* and *Mr. Arnold F. Bunge,* for appellant.

CARPENTER, J. Over the objections of her mother, the Probate Court appointed Harold W. Fraser guardian of the estate of Virginia Moyer, a minor, twenty years of age. From this order the mother filed an appeal to this court on questions of law and fact under Section 10501-56, General Code.

The matter is now before the court on a motion by the guardian to dismiss the appeal for the reasons: (a) That the mother has no right to appeal; (b) that the order appointing the guardian is not a final one from which an appeal can be taken; and (c) that the matter is not a "chancery case" in which an appeal to this court on questions of law and fact will lie.

(a) Section 10507-8, General Code, makes parents the natural guardians of their minor children and ·equally charges them with their care, etc., and "the care and management of their estates." This is a statutory recognition of natural rights and duties. Statutory provisions are made for the appointment by the Probate Court of guardians of the estates of minors, but before this can be done, notice to the parents of the filing of the application and the time of hearing thereon must be given. Section 10507-4, General Code.

Thus the statutes recognize the very substantial interest and rights the mother has in the matter of an appointment of such guardian and it follows that she can protect those rights by appeal.

(b) Section 12223-2, General Code, defines a final order from which an appeal may be taken, among other things, as "an order affecting a substantial right * * * made in a special proceeding * * *."

"The term 'substantial right,' as used in Section 6707, Revised Statutes [now Section 12223-2, General Code], involves the idea of a legal right." *Armstrong,*

*Recr.,* v. *Herancourt Brewing Co.,* 53 Ohio St., 467, 42 N. E., 425, paragraph one of the syllabus.

As above reasoned, the mother's right to be interested in whether a guardian of the estate of her daughter is appointed, and, if so, who, is a legal one given her by statute, hence "a substantial right."

In discussing this section, after stating what "an action" is, the court, in *Missionary Society* v. *Ely,* 56 Ohio St., 405, 407, 47 N. E., 537, said: "Every proceeding other than an action, where a remedy is sought by an original application to a court for a judgment or an order, is a special proceeding."

In that case the application was to probate a will, and it was held to be a "special proceeding."

This application to appoint a guardian started a "special proceeding" and the order of appointment affected "a substantial right" of the mother, and to her was a final order from which she had the right to appeal. But how?

(c) It is conceded that this appeal on questions of law and fact can stand as such only if application for the appointment of guardians of minors result in "the trial of chancery cases" within the meaning of that term as used in Section 6, Article IV of the Constitution of Ohio. As the appellate jurisdiction of this court is fixed by that section which was written into the Constitution in 1912, earlier cases dealing with appeals from the Probate Court to the Court of Common Pleas can be of little aid.

The specific question here is whether the application for the appointment of a guardian was a chancery case within the meaning of the Constitution. In *Wagner* v. *Armstrong,* 93 Ohio St., 443, 113 N. E., 397, and *Crowley, Admr.,* v. *Crowley,* 124 Ohio St., 454, 179 N. E., 360, the Supreme Court said that the test whether a matter was a chancery case should be determined by

"the jurisdiction of the high court of chancery of England" and that "once a chancery case, always a chancery case, at least for jurisdictional purposes." The appointment and administration of guardianships of minors was under the jurisdiction of the chancery courts of England. Notes, 18 Am. Dec., 689, and 89 Am. St. Rep., 257, 265.

However, in *In re Estate of Gurnea*, 111 Ohio St., 715, 146 N. E., 308, the court held that probate matters have lost their chancery character in Ohio and that such proceedings are not now chancery cases as that term is used in the Constitution. This decision was followed in *Squire, Supt.*, v. *Bates*, 132 Ohio St., 161, 165, 5 N. E. (2d), 690.

Under these authorities, this court can only conclude that this appeal cannot stand as one on questions of law and fact and will be dismissed as such, but it may proceed as one on questions of law. Leave will be granted the appellant to prepare and file a bill of exceptions within thirty days.

*Judgment accordingly.*

OVERMYER and LLOYD, JJ., concur.