Turner, J.
 

 The appeal to this court was filed in pursuance of our Rule XXIY which provides:
 

 “Where an appeal has been taken to the Court of Appeals on questions of law and fact and the Court of Appeals enters an order holding that that court does not have appellate jurisdiction to hear the case on questions of fact
 
 (i. e.,
 
 as a chancery case) the Supreme Court will entertain an appeal to review such order, leaving the case otherwise pending in the Court of Appeals.”
 

 
 *259
 
 Assuming that this appeal is properly before this court (which a minority of the judges question) the sole question to be decided in this case is whether the proceeding instituted' in the Probate Court is a chancery case.
 

 All procedural questions are to be determined under the provisions of the Ohio Constitution and laws in effect on May 9, 1942, the date when this phase of the proceeding was instituted in the Probate Court of Cuyahoga county. Section 6 of Article IV of the Constitution in force at that time conferred upon courts of appeals “appellate jurisdiction in the trial of chancery cases.”
 

 The amendment of Section 6 of Article IV, adopted on November 7, 1944, and effective January 1, 1945, provides:
 

 “All laws now in force, not inconsistent herewith, shall continue in force until amended or repealed; provided, that all cases, actions, or proceedings pending before or in any board, commission, officer, tribunal, or court on the first day of January, 1945, shall be heard, tried, and reviewed in the same manner and by the same procedure as is now authorized by law.”
 

 Following an unfavorable decision in the Probate Court, appellants filed an appeal in the Court of Appeals of Cuyahoga county upon questions of law and fact. Whereupon appellees Superintendent of Banks and Union Properties, Inc., moved the Court of Appeals for an order dismissing the appeal on questions of law and fact and ordering that the appeal stand for hearing on questions of law for the reason that the action instituted in the Probate Court was not a chancery case and was not, therefore, appealable to the Court of Appeals on questions of law and fact. The Court of Appeals (by a divided court) granted the motion and dismissed the appeal on questions of law and fact but retained the appeal on questions of law only.
 

 
 *260
 
 In the case of
 
 Nordin
 
 v.
 
 Coulton,
 
 142 Ohio St., 277, 51 N. E. (2d), 717, we held:
 

 “1, The nature of a case, is determined from the pleading’s and the issues presented.
 

 “2. It is equitable if it is necessary to determine first whether the plaintiff is entitled to equitable relief before legal redress can be granted; but if the primary or paramount relief sought is legal and the equitable redress merely incidental, it is an action at law.”
 

 While much space could be taken in discussing the term “chancery case,” it would boil down to the definition used by Chief Justice Nichols in
 
 Wagner
 
 v. Armstrong, 93 Ohio St., 443, 456, 113 N. E., 397: “A chancery case is one in which, according to the usages and practices in courts of chancery prior to and at the time of the adoption of the Code of Civil Procedure, remedies were awarded in accordance with the principles of equity and not in accordance with rules of law. And the proper definition of the term in our new Constitution cannot be regarded as affected by the provisions of statutes relating to appeals nor by the introduction bodily of equitable remedies into our statutes.”
 

 In the case of
 
 LeMaistre, Admr.,
 
 v.
 
 Clark,
 
 142 Ohio St., 1, 50 N. E. (2d), 331, we held:
 

 “1. Under the provisions of Section 6, Article IV of the Constitution of Ohio the Courts of Appeals of this state have appellate jurisdiction in the trial of chancery cases.
 

 “2. Such appellate jurisdiction does not authorize such courts to conduct a trial on issues of fact unless such a trial has been had in the court of first instance.
 

 “3. It is not error for a Court of Appeals to dismiss an appeal on questions of law and fact and retain the appeal on questions of law alone when only a question of law has been decided by the court of first instance.” The mere fact that under Ohio law and practice there are actions triable to a court without the inter
 
 *261
 
 vention of a jury is not sufficient to make such an action a chancery case. The mere fact that an accounting is asked for is not sufficient to change what otherwise is an action at law into a chancery case for the reason that accounting may he asked in certain law cases. See 1 Ohio Jurisprudence, 172
 
 et seg.,
 
 Section 2
 
 et seg.
 
 Even in cases of fraud, equity jurisdiction is subject to the general rule that the person asserting the fraud must show good reason why the fraud was not availed of in a 'court of law. 19 Ohio Jurisprudence, 491, Section 212.
 

 In Ohio the jurisdiction of the Probate Court in testamentary matters and in the settlement of accounts of executors and administrators comes primarily from Section 8 of Article IY of the Constitution which provides :
 

 “The Probate Court shall have jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, the settlement of the accounts of executors, administrators, and guardians, and such jurisdiction in
 
 habeas
 
 corpus, the issuing of marriage licenses and for the sale of land by executors, administrators, and guardians, and such other jurisdiction, in any county, or counties, as may be provided by law.”
 

 Section 10501-53, General Code, provides in part:
 

 “Except as hereinafter provided, the probate court shall have jurisdiction:
 

 “1. To take proof of wills, and to admit to record authenticated copies of wills executed, proved and allowed in the courts of any other state, territory or country. * * *
 

 “2. To grant and revoke letters testamentary and of administration;
 

 “3. To direct and control the conduct, and settle the accounts of executors and administrators, and order the distribution of estates; * * *
 

 
 *262
 
 “8. To authorize the sale of lands or equitable estates or interests therein, on petition by executors, administrators and guardians, and the assignments of inchoate dower in such cases of sale;
 

 “9.
 
 To authorize the completion of real contracts on petition of executors and administrators; # * *
 

 “11. To construe wills;
 

 “12. To render declaratory judgments;
 

 ‘ ‘
 
 13. To direct and control the conduct of fiduciaries and settle their accounts.
 

 “Such jurisdiction shall be exclusive in the probate court unless otherwise provided by law.
 

 “The probate court shall have plenary power at law and in equity fully to dispose of any matter
 
 properly before the court,
 
 unless the power is expressly otherwise limited or denied by statute.” (Italics ours.)
 

 In their brief appellants say:
 

 “This was an action to set aside a final order approving an executor’s account, filed more than eight months after the date of approval of such order.”
 

 We shall point out below that the eight months’ limitation is not applicable where fraud or collusion is proved or where it is shown that the settlement of the account is “against rights which are saved by statute to persons under disability.”
 

 The settlement of an estate of a deceased person is a proceeding
 
 in rem
 
 and is not adversary in character. If either of the contentions of appellants were sustained,
 
 i. e.,
 
 (a) that fraud or collusion had intervened in matters referred to in the executors ’ account, or (b) that anything in such account was against rights which are saved by statute to persons under disability and there resulted a surcharge against the executors, there would be a judgment of course in favor of the estate. There could, however, be no judgment in favor of appellants or either of them. The proceedings of
 
 *263
 
 appellants bear some analogy to tbe proceedings in a derivative case.
 

 An action is necessarily
 
 inter partes.
 

 Counsel for appellants seek to avoid tbe effect of filing tbeir petition in the'Probate Court “In Re: Estate of Oliver M. Stafford, Deceased” by calling it an inadvertence. An inspection of the pleadings and proceedings as well as the printed record filed in this court by appellants will quickly convince that the petition was •intentionally and properly so filed and that such petition, instead of setting out an action, is merely a step in a proceeding in a testamentary matter.
 

 In the case of
 
 In re Estate of Gurnea,
 
 111 Ohio St., 715, 146 N. E., 308, this court held:
 

 “1. The settlement in the Probate Court of the account of an executor does not constitute a chancery case.”
 

 In the case of
 
 Squire, Supt. of Banks,
 
 v.
 
 Bates,
 
 132 Ohio St., 161, 5 N. E. (2d), 690, it was held:
 

 “The settlement of the account of a testamentary trustee in the Probate Court is not a chancery case and hence not appealable as such from the Probáte Court to the Court of Appeals.”
 

 We approve and shall here follow the doctrine announced in the foregoing
 
 Gurnea case.
 

 Counsel for appellants seek to avoid the force of the
 
 Gurnea
 
 and
 
 Bates cases
 
 upon the ground that the court in those cases was considering rulings on exceptions to a final account
 
 filed in time.
 
 That is just what we have in the instant case. Appellants’ petition filed on May 9, 1942, in the proceeding
 
 In Re: Estate of Oliver M. Stafford
 
 was filed in time if it be established that there was fraud or collusion or that rights of persons under disability were prejudiced.
 

 Section 10506-40, General Code, in effect at the time of the approval of the final account, provided that the
 
 *264
 
 determination of the Probate Court on the settlement of an account shall be final except:
 

 “(d) In case of fraud or collusion; and
 

 “(e) As against rights which are saved by statute to persons under disability.”
 

 Section 10506-40, General Code (114 Ohio Laws, 372), read in full at the time herein applicable as follows:
 

 “The determination of the probate court on the settlement of an account shall have the same force and effect as a judgment at law or decree in equity, as the particular case may require, and shall be final as to all persons having notice of the hearing, except:
 

 “(a) Upon review or appeal according to law; and
 

 “(b) When an account is settled in the absence of a person adversely interested, and without actual notice to him, it may be opened on his filing exceptions to the account within eight months after such settlement; and
 

 “(c) Upon any settlement of an account all former accounts may be so far opened as to correct a mistake or error therein, on condition, however, that a matter in dispute that has been previously determined by the court shall not be brought in question by either of the parties without leave of court upon good cause first shown; and
 

 “(d) In case of fraud or collusion; and
 

 “(e) As against rights which are saved by statute to persons under disability.” (Section 10506-40, General Code, has since been amended [120 Ohio Laws, 653, and II. B. 153, 121 Ohio Laws, —], and now provides time limitations.)
 

 The eight months’ limitation provided in paragraph (b) of Section 10506-40,
 
 supra,
 
 does not apply to cases coming within either paragraph (d) or (e).
 

 Clearly where fraud or collusion is shown (such as is charged in the instant petition) or where rights of persons under disability have been prejudiced (as
 
 *265
 
 charged in the petition) the determination by the Probate Court that such fraud or collusion had been proved or that rights of persons under disability had been prejudiced would automatically vacate the court’s approval of October 27, 1937, and such account would be subject to any appropriate exceptions.
 

 In the case of
 
 Johnson, Exr.,
 
 v.
 
 Johnson,
 
 26 Ohio St., 357, Judge Gilmore pointed out at page 363 that an order to vacate “would be vacated as a matter of course, on the facts being made to appear.”
 

 It is to be noted that in Section 10506-40,
 
 supra,
 
 there is a specific provision as to how and when an account may become final and, therefore, no useful purpose would be served in discussing any general statutes such as Sections 11631 and 10501-17, General Code.
 

 "Whether there was or could be laches or estoppel raised by “the defendants” is not before us at this time, our question being simply: “Is this a chancery case?”
 

 We are of the opinion that the petition does not show an “action.” Rather, we have before us a proceeding in the matter of the administration of the estate of Oliver M. Stafford, deceased. To borrow some of the words of Judge Brinkerhoff in
 
 Taylor, Assignee,
 
 v.
 
 Fitch,
 
 12 Ohio St., 169, 172, the instant proceeding is “merely a branch, offshoot, or incident” of the administration proceeding. Any relief granted under the petition in this case would be ancillary to surcharging the executors and securing assets with which to establish the trust provided for in the will.
 

 Section 10509-189, General Code (116 Ohio Laws, 401, repealed, 120 Ohio Laws, 656, effective September 20,1943), is not applicable here for the reason that the record does not disclose that the court made an order finally discharging the executors. . If it should develop that through inadvertence such an order though made was omitted from the record as printed and certified
 
 *266
 
 to this court, such order of discharge might be impeached for fraud or manifest error.
 

 We do not have in the instant case such questions as arose in
 
 Seeds
 
 v.
 
 Seeds,
 
 116 Ohio St., 144, 156 N. E., 193, 52 A. L. R., 761, or
 
 Crawford, Admr.,
 
 v.
 
 Zeigler,
 
 84 Ohio St., 224, 95 N. E., 743, where specified time limits had expired.
 

 The trust provided for in the Stafford will was never established. The record shows there was nothing left in the estate to turn over to the named trustees who never qualified as such.
 

 As the statutory procedure provided for any relief to which a beneficiary of the estate was entitled, there was no occasion for the exercise of any equitable jurisdiction.
 

 Therefore, the judgment of the Court of Appeals should be and hereby is affirmed and this case is remanded to the Court of Appeals for further proceedings according to law.
 

 Judgment affirmed.
 

 Weygandt, C. J., Zimmerman, Williams, Matthias and Hart, JJ., concur.