OPINION
{¶ 1} This appeal arises from the judgment of the Allen County Common Pleas Court, Probate Division, removing Appellant, Jill R. Szosz, as guardian of the persons of Dylan Lee Grant and Tyler Wayne Grant, and ordering their "placement and guardianship" with Timothy Grant, petitioner-Appellee ("Appellee"). It is from this judgment which Jill Szosz ("Appellant") appeals.
 {¶ 2} The following are the relevant facts. Due to a self-recognized inability to properly care for their children at the time, Heather Renee Green and Timothy Lee Grant approved a co-guardianship of their two children, Dylan Lee Grant and Tyler Wayne Grant, to Jill R. Szosz and Andrew V. Szosz, the maternal grandmother and step-grandfather of the children. The Allen County probate court granted the co-guardianship over Dylan and Tyler to Jill and Andrew Szosz on April 5, 2000.
 {¶ 3} Two years later, on April 12, 2002, Appellee filed a petition to terminate the guardianship granted to Appellant and to have himself named as guardian of the children.[1] After a full hearing was had on the matter, the probate court found that the Appellant was "not suitable and proper to be the guardian of said children at this time." The court, by judgment entry dated November 21, 2002, terminated the guardianship of Appellant and ordered "that the placement and guardianship of the person of Dylan Lee Grant and Tyler Wayne Grant" be awarded to Appellee. The Probate Court further ordered Appellant to release and deliver the children to Appellee. The Appellee completed the "letters of guardianship" and the "oath of guardianship" Standard Probate Forms, 15.4 and 15.9, respectively, which were approved by the court thereby formalizing Appellee's guardianship of Dylan and Tyler.
 {¶ 4} Appellant now appeals asserting the following assignment of error for our review.
 ASSIGNMENT OF ERROR NO. 1
The trial court erred to the prejudice of the guardian-Appellant herein, by terminating her guardianship and ordering placement and successor guardianship to petitioner-Appellee herein in derogation of O.R.C. 2109.21 and O.R.C. 2111.02.
 {¶ 5} The Appellant's sole assignment of error challenges the ruling of the probate court on two separate grounds. The Appellant first asserts that the probate court erred by terminating her guardianship of the children. We are unable to reach a decision upon the merits of this argument because the Appellant has failed to advance any argument in support of this assertion in her brief. Nor has the Appellant identified any part of the record indicating how the probate court erred by terminating her guardianship. Accordingly, her assignment of error relating to that portion of the judgment must be held to be without merit and is overruled. See, App.R.12(A)(2); App.R.16(A)(7); Loc.R.11(B).[2]
 {¶ 6} The Appellant also asserts that the probate court erred by appointing Appellee as successor guardian. This Court has previously held that a determination regarding guardianship is within the sound discretion of the trial court,[3] subject to reversal only for an abuse of discretion.[4] An abuse of discretion connotes an unreasonable, arbitrary or unconscionable attitude on the part of the court.[5]
 {¶ 7} The Appellant specifically argues that the probate court's appointment of Appellee as guardian of the children was in violation of R.C. 2111.02 and R.C. 2109.21.
 {¶ 8} R.C. 2111.02(A) confers upon the probate court the power to appoint a guardian for a minor when it determines that such an appointment is necessary. The appointment of a guardian for the minor children herein became necessary upon the termination of Appellant's guardianship.
 {¶ 9} Appellant contends, however, that the Court was without authority to appoint Appellee as guardian because he was not an Ohio resident as required by R.C. 2111.02(A) and 2109.21(C). It is undisputed that Appellee was not a resident of the state of Ohio when the probate court appointed him as successor guardian. He resided in, and continues to reside in, the state of North Carolina. Moreover, as Appellant correctly contends, Appellee does not appear to fall within one of three exceptions found in R.C. 2109.21(C) permitting the court to appoint non-resident guardians.[6]
 {¶ 10} As in the case here, where there is a suitable parent willing to assume responsibility for the minor children, R.C. 2111.08
controls over R.C. 2111.02. R.C. 2111.08 provides for the natural guardianship rights and obligations of parents over their children and provides, in relevant part, that:
The [parents] are the joint natural guardians of Their minor childrenand are equally charged with their care, nurture, welfare, and educationand the care and management of their estates.[7]
 {¶ 11} The termination of a non-parent guardianship restores to the parents, who are joint natural guardians, the care, custody, and management of the children by operation of law. In the circumstances of the present case, however, the parents are living separate and apart. Appellee resides in North Carolina and the mother resides in Ohio with Appellant.[8]
 {¶ 12} R.C. 2111.08 addresses this situation and provides:
If the wife and husband live apart, the court may award theguardianship of a minor to either parent, and the state in which theparent who is the residential parent and legal custodian or who otherwisehas the lawful custody of the minor resides has jurisdiction to determinequestions concerning the minor's guardianship. (emphasis added).
 {¶ 13} In contrast to R.C. 2111.02, which Appellant cites as the source of the probate court's error, R.C. 2111.08 does not require a natural parent to be a resident of this state in order to be named a guardian. Accordingly, the probate court was not limited by R.C. 2111.02, and its decision to award guardianship to Appellee, the children's father, was specifically authorized by R.C. 2111.08 and cannot be said to be an abuse of discretion. To hold otherwise would be to obtain the obviously unintended result of prohibiting a court from returning guardianship of children to their parents, contrary to the best interests of the children, simply because the parent no longer resides in Ohio.
 {¶ 14} Indeed, the statutory provisions of R.C. 2111.08
contemplate and encompass such circumstances of non-residency of a suitable parent by specifically providing that, after an award of guardianship is made to one of the parents, "* * * the state in which the parent who * * * has the lawful custody of the minor resides has jurisdiction to determine questions concerning the minor's guardianship." R.C. 2111.08.
 {¶ 15} The probate court did not err, as Appellant maintains, in returning the children to Appellee, a natural guardian, solely because he is a resident of North Carolina.
 {¶ 16} The Appellant's assignment of error is, therefore, overruled.
 {¶ 17} Having found no error prejudicial to Appellant herein, in the particulars assigned and argued, we affirm the judgment of the probate court.
Judgment affirmed.
 SHAW and WALTERS, JJ., concur.
[1] Andrew Szosz, in May of 2002, resigned as co-guardian of the children and was discharged from his duties as a guardian, leaving Ms. Szosz as the sole guardian of the children.
[2] See also, State v. Goucher (December 16, 1998), Defiance App. No. 4-98-12, unreported.
[3] In the Matter of the Guardianship of Wright, Defiance App. No. 4-01-20, 2002-Ohio-404.
[4] See, In re Duffy (March 16, 1989), Franklin App. No. 88AP-600, unreported; In re Termination of Guardianship of Hendrickson,152 Ohio App.3d 116, 2003-Ohio-1220, ¶ 11.
[5] In Re Estate of Bednarczuk (1992), 80 Ohio App.3d 548, 551; citing, Blakemore v. Blakemore (l983), 5 Ohio St.3d 217, 219.
[6] The three exceptions are: (1) the guardian is named in a will by the parent of a minor child, (2) the guardian is chosen by a minor over the age of fourteen, or (3) the guardian is nominated in or pursuant to a durable power of attorney or other writing described in division (A) of section 2111.121 of the Revised Code.
[7] Although the statute uses the term "husband and wife," courts have construed the term to mean "parents," i.e., "mother and father". We do so here. For example, see In re Guardianship of Moyer (l941),68 Ohio App. 319; and Matter of Guardianship of Warner (September 2, 1987), Medina App. No. 1600.
[8] We note that the children's mother, although served with notice, neither requested appointment of herself as guardian nor contested Appellee's appointment.